IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

W.G. YATES & SONS CONSTRUCTION COMPANY                    PLAINTIFF

VS.                                        CIVIL ACTION NO. 2:05-CV-125-SA-EMB

JOE RICHARDSON, AS REPRESENTATIVE OF
THE ESTATE OF RICHARD N. COOPER, DECEASED,
WHITNEY SLADE, STEVAN HIMMELSTEIN,
AND SHERMAN McGILL                                         DEFENDANTS

## ORDER

Before the Court are Plaintiff's Motion to Strike Counterclaim of Defendant Steven Himmelstein [doc. 152] and supporting Memorandum [doc. 153]; Dr. Himmelstein's Response and in the alternative Motion to Amend Counterclaim [doc. 156]; and Plaintiff's Reply [doc. 159].

Plaintiff filed its Amended Complaint [doc. 145] on April 26, 2007. Defendant Himmelstein filed an untimely Answer to First Amended Complaint and Counterclaim [doc. 149] on July 30, 2007. Dr. Himmelstein's Counterclaim asserted for the first time an additional count, namely "Breach of Fiduciary Duty and/or Covenant of Good Faith and Fair Dealing." Plaintiff argues that Defendant's amended Counterclaim be stricken because it is untimely and because Defendant failed to seek leave of court before filing the same.

Despite the untimeliness of Defendant's Answer, Plaintiff's only objection is to Defendant's newly asserted counterclaim. Pursuant to Rule13(f), if a defendant fails to set up a counterclaim in the answer, then by leave of court he may set up the counterclaim by amendment. Amendments are governed by Rule 15. Absent a reason-such as delay, bad faith, dilatory

motive, undue prejudice to the opposing party, futility of the amendment, etc.-leave to amend should be "freely given" as Rule 15(a) requires. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962).

The Court agrees with Plaintiff that Defendant should not have filed the amended counterclaim without first seeking leave of court. Notwithstanding, the Court is of the opinion that justice requires that Defendant now be allowed to amend his counterclaim to assert the new count. In this case, Defendant's counterclaim is compulsory, as it is related to Plaintiff's lawsuit. And, the Court fails to understand Plaintiff's raising the issue of expiration of the amendment deadline, as Plaintiff itself filed an amended Complaint over a year after said deadline. Furthermore, beyond its general allegation of prejudice, Plaintiff has failed to allege any real threat of prejudice that would attend Defendant's being allowed leave to assert the omitted counterclaim.

**THEREFORE, IT IS ORDERED** that Plaintiff's Motion to Strike is hereby **DENIED**; and Defendant Himmelstein's motion for leave to amend Counterclaim is granted. Defendant Himmelstein's amended Counterclaim [doc. 149] is hereby deemed filed and served as of this date.

**THIS**, the 27th day of November, 2007.

/s/ Eugene M. Bogen
U. S. MAGISTRATE JUDGE